UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5721 CAS (MANx) | Date | February 3, 2009 |
|---|---|---|---|
| Title | ILLINOIS TOOL WORKS, INC. v. PHOENIX AMERICAN HOLDINGS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   **DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** (filed 1/13/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 23, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On September 2, 2008, plaintiff Illinois Tool Works, Inc. filed a complaint against defendant Phoenix American Holding, Inc., alleging a claim for breach of contract arising from a Trademark License Agreement between the parties. On December 8, 2008, the Court granted defendant's motion to dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) because defendant was not subject to personal jurisdiction in California and because of a forum selection clause in the parties' Asset Purchase Agreement that specified Florida as the proper forum.

On January 13, 2009, defendant filed the instant motion for sanctions pursuant to Fed. R. Civ. P. 11. After carefully considering defendant's arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5721 CAS (MANx) | Date | February 3, 2009 |
|---|---|---|---|
| Title | ILLINOIS TOOL WORKS, INC. v. PHOENIX AMERICAN HOLDINGS, INC. | | |

Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b).

The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation. . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

**III.   DISCUSSION**

Defendant argues that a "party who agrees to a mandatory venue selection clause and then files suit in a forum other than that to which it agreed, subjects itself to Rule 11 sanctions." Mot. at 4-5 (citing American Roller Company, LLC v. Foster Adams Leasing, LLP, 421 F. Supp. 2d 1109 (N.D. Ill. 2006)). Defendant contends that "at a minimum," plaintiff failed to make a reasonable inquiry into the facts supporting its claims. Id. at 5. Defendant further contends that plaintiff failed to withdraw the case after being "repeatedly advised of the Venue Selection Clause." Id. Defendant requests that plaintiff pay its attorneys' fees and costs of $35,374.46 "incurred for Defendant's defense in this forum." Id. at 7.

The Court concludes that defendant's motion should be denied. While the Court rejected plaintiff's argument that the forum selection clause did not apply to the parties' Trademark License Agreement, plaintiff's argument was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Plaintiff made a colorable argument that the parties' Asset Purchase Agreement, which contained the forum selection clause, was distinct from the parties' Trademark License Agreement and that the forum selection clause therefore did not apply. Cf. American Roller, 421 F. Supp. 2d at 1116 (holding that defendants' motion to transfer warranted Rule 11 sanctions because it was based largely on personal inconvenience and because it appeared that defendants did not even read the agreement that contained the forum selection clause).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5721 CAS (MANx) | Date | February 3, 2009 |
|---|---|---|---|
| Title | ILLINOIS TOOL WORKS, INC. v. PHOENIX AMERICAN HOLDINGS, INC. | | |

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion for sanctions pursuant to Rule 11.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |